UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-CV-62019-RNS

EMILY FULLER

    Plaintiff,

v.

GREAT CIRCLE VENTURES HOLDINGS,
LLC d/b/a/ TAIL ACTIVEWEAR

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

Since Plaintiff, EMILY FULLER, cannot ever intend to utilize <u>or</u> actually utilize a "physical, retail location" of Defendant, GREAT CIRCLE VENTURES HOLDINGS, LLC d/b/a TAIL ACTIVEWEAR ("TAIL ACTIVEWEAR"), due to there being none, TAIL ACTIVEWEAR moves to dismiss Plaintiff's Complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1), and 56(c), and in support states:

**I.    FACTUAL ALLEGATIONS IN COMPLAINT**

1.    FULLER alleges she is visually impaired. [DE 1 at ¶5]

2.    FULLER's Complaint purports to bring "an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 USC §§12181-12189 ("ADA"), as amended, and 28 CFR Part 36." [DE 1 at ¶1]  Further, Plaintiff claims she has brought "an action for declaratory and injunctive relief to

prevent discrimination which includes equal access to internet website for services to order and secure information about Defendant's merchandise online." [DE 1 at ¶1]

3. FULLER alleges "Defendant owns and/or operates brick-and-mortar retail store location (sic) in one or more retail and outlet stores in various states in the United States." [DE 1 at ¶7]

4. In numerous paragraphs, FULLER further alleges that TAIL ACTIVEWEAR targets "Florida residents" with "stores in the State of Florida." [DE 1 at ¶ 7 ]  She also alleges that TAIL ACTIVEWEAR "owns and operates one or more retail or outlet stores selling merchandise under the brand name 'TAIL ACTIVEWEAR' [AND] Each TAIL ACTIVEWEAR **physical store** is **open to the public**." [DE 1 at ¶10]Emphasis added.

5. FULLER alleges TAIL ACTIVEWEAR "controls, maintains, and/or operates an adjunct website called www.tailactivewear.com." [DE 1 at ¶12]

6. FULLER claims the "website is an extension of Defendant's **physical stores**." [DE 1 at ¶14] Emphasis added.

7. FULLER further claims she is "**interested** in purchasing Defendant's merchandise, which is offered at Defendant's **physical stores**. . .." [DE 1 at ¶17] Emphasis added.

2

8.      FULLER also claims that "[b]ecause of the nexus between Defendant's **retail stores** and its website", TAIL ACTIVEWEAR is required to comply with ADA accommodations as a place of public accommodation. [DE 1 at ¶26] Emphasis added.

9.      FULLER states that "[a]s a direct and proximate result of Defendant's failure to provide an ADA compliant website, with a nexus to its **brick and mortar stores and physical locations**, Plaintiff has suffered an **injury in fact** by being denied full access to and enjoyment of Defendant's website." [DE 1 at ¶71] Emphasis added.

## II.     UNDISPUTED MATERIAL FACTS

1.      Nowhere in FULLER's Complaint does she allege that she *actually* intended to utilize TAIL ACTIVEWEAR's physical or brick-and-mortar locations.

2.      Furthermore, even if FULLER was "interested" in visiting a physical retired store location, as she claims at DE1 at ¶17, due to TAIL ACTIVEWEAR having no physical retail locations, anywhere in the world, regardless of her level of "interest", it is entirely impossible and implausible, for her to so do. See Exhibit "A" (Affidavit of Cheryl Maurer, CFO)

3.      TAIL ACTIVEWEAR's Corporate Offices are located in Doral, Florida, and is not open to the general public. See Maurer Affidavit at ¶5-6.

4. TAIL ACTIVEWEAR has no physical retail store locations anywhere in Florida, or in the entire United States. See Maurer Affidavit at ¶8-9.

5. TAIL ACTIVEWEAR has an administrative office location in Savannah, GA that is not open to the general public to purchase any merchandise, and is not a retail store location. See Maurer Affidavit at ¶7.

### III.   MEMORANDUM OF LAW

**A. This Court has the Discretion to Consider Matters Outside of the Pleadings and, thereby, Convert a Motion to Dismiss to a Motion for Summary Judgment.**

"It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." Jones v. Automobile Ins. Co., 917 F.2d 1528, (11th Cir. 1990). Here, justice requires that this Court consider the undisputed material facts contained in TAIL ACTIVEWEAR's Vice President of Finance, Cheryl Maurer's Affidavit in its deliberation of this Motion; especially, since no amount of amendments could permit FULLER to continue with her claims that TAIL ACTIVEWEAR's website, wholly unconnected to a physical retail location, violates Title III of the ADA.

**B. Dismissal under Rule 12(b)(6) is Warranted where, as here, FULLER Fails to State a Claim Upon Which Relief May be Granted - - to wit, no "physical, retail location."**

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under the Rule 8 pleading

4

requirements.  Haynes v. Interbond Corp. of Am., 2017 US Dist. LEXIS 171644 at *8 (SD Fla. Oct. 16, 2017) (Dimitrouleas, J.) (quoting Bell Atlantic Corp. v. Twombly, 550 US 554, 555 (2007)).   In order to survive a 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. at *9 (quoting, Twombly, 550 US at 570); see also Ashcroft v. Iqbal, 556 US 662, 678 (2009)("more than an unadorned, the-defendant-unlawfully-harmed-me-accusation" will not do).

1. **Title III of the ADA applies to owners or operators of places of "public accommodation".**

Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 USC §12182(a).

Places of "public accommodation" are those that "affect commerce" and fall in one of "twelve enumerated categories", such as:

> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;
>
> (B) a restaurant, bar, or other establishment serving food or drink;

(C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment;

(D) an auditorium, convention center, lecture hall, or other place of public gathering;

(E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;

(F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;

(G) a terminal, depot, or other station used for specified public transportation;

(H) a museum, library, gallery, or other place of public display or collection;

(I) a park, zoo, amusement park, or other place of recreation;

(J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;

(K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and

(L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

42 U.S.C. § 12181(7)(A)-(L); Gomez v. Bang & Olufsen Am., Inc., 2017 US Dist. LEXIS 15457 *5 -*6 (SD Fla. , Feb. 2, 2017)(Lenard, J.)

2. **Since TAIL ACTIVEWEAR's website is "wholly unconnected to a physical location" it is not a place of "public accommodation" under Title III of the ADA.**

As recently set forth by Judge Lenard in <u>Gomez</u>, 2017 US Dist. LEXIS 15457

*11 (Emphasis added):

> Based on the text of the ADA, the Eleventh Circuit's reasoning in [<u>Rendon v. Valleycrest Prods.</u>, 294 F.3d 1279 (11th Cir. 2002)] and the rationale employed by other courts who have construed the ADA in the context of commercial websites, **the Court concludes that a website that is wholly unconnected to a physical location is generally not a place of public accommodation under the ADA.** However, if a plaintiff alleges that a website's inaccessibility impedes the plaintiff's "access to a specific, physical, concrete space[,]" and establishes some nexus between the website and the physical place of public accommodation, the plaintiff's ADA claim can survive a motion to dismiss. <u>Id.</u>; see also <u>Peoples v. Discover Financial Services, Inc.</u>, 2009 U.S. Dist. LEXIS 87184, 2009 WL 3030217, *2 (E.D. Pa. 2009) (Services available on an internet website must have some connection to a physical place of accommodation to fall within the ADA's "place of public accommodation" requirement).

Similarly, a few weeks ago, Judge Dimitrouleas in <u>Haynes</u> cited Judge Lenard's opinion in <u>Gomez</u> and held:

> As in an analogous case where this Court dismissed a similar claim of unequal access to a website "Plaintiff's grievance seems to be that Defendant's website does not provide a blind person with the same online-shopping experience as non-disabled persons." <u>Bang & Olufsen</u>, 2017 U.S. Dist. LEXIS 15457, 2017 WL 1957182, at *4. But "the ADA does not require places of public accommodations to create full-service websites for

7

> disabled persons. In fact, the ADA does not require a place of public accommodation to have a website at all. **All the ADA requires is that, if a retailer chooses to have a website, the website cannot impede a disabled person's full use and enjoyment of the brick-and-mortar [sic] store."** Id.

Haynes, 2017 US Dist. LEXIS 171644 *14-15 (Emphasis added).

In both cases, Judges Lenard and Dimitrouleas, allowed the plaintiffs to amend their complaints to "plausibly allege" that the respective websites impeded their access to the defendants' physical retail stores.  Haynes, 2017 US Dist. LEXIS 171644 at *15 ("Plaintiff will be given leave to file a second amended complaint in which he may attempt to plausibly allege that brandsmartusa.com has impeded his access to Defendant's retail stores); Gomez, 2017 US Dist. LEXIS 15457 at *12 ("appears that the Plaintiff never intended to utilize Bang and Olufsen's physical, retail location").

On the other hand, the facts in this case are even more compelling than in Haynes and Gomez, to warrant a dismissal with prejudice.  Unlike in either Haynes or Gomez, TAIL ACTIVEWEAR has no physical retail locations owned, maintained, operated, or leased by TAIL ACTIVEWEAR.  (Maurer Affidavit at ¶¶5-9)  Indeed, the only two ways a customer could directly buy TAIL ACTIVEWEAR's apparel is through its website.  (Maurer Affidavit at ¶4)

FULLER's allegations that she was "interested" in shopping at TAIL ACTIVEWEAR's "physical, retail locations" has no factual merit - - since, there are

none here in Florida, or anywhere else in the world.  (Mauer Affidavit at ¶¶5-9). Thus, FULLER's action should be dismissed with prejudice and the Court should award further relief, including fees pursuant to Rule 11(b), for the attorneys' fees TAIL ACTIVEWEAR has incurred in defending against non-existent, false, and frivolous factual allegations.

### C. Alternatively, Dismissal under Rule 12(b)(1) is Warranted where, as here, FULLER Lacks Standing.

In order to allege standing, a plaintiff such as FULLER, must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Haynes, 2017 US Dist. LEXIS 171644 at *8 (quoting, Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016)).

#### 1. While FULLER may act as a "tester", she cannot ever allege she "suffered an injury in fact"; since TAIL ACTIVEWEAR has absolutely no physical retail locations in the world.

Apparently, without sufficient investigation into her factual allegations, FULLER has alleged, in sum, that due to TAIL ACTIVEWEAR's non-ADA-compliant website, she was denied equal access to its physical brick-and-mortar retail locations throughout Florida.  [DE 1 at ¶¶8-9]  This is wholly impossible, since TAIL ACTIVEWEAR sells its products to other businesses, such as Dick's Sporting Goods and Golftown, and makes offers no merchandise available for purchase at any

physical retail store locations.  (Maurer Affidavit at ¶3-4)  For that reason alone, FULLER's Complaint should be dismissed with prejudice.

Moreover, this Court should award such relief as the Court deems appropriate for FULLER'S filing of a frivolous Complaint containing false factual claims, that obviously lack a diligent investigation.  Pursuant to Rule 11, fees should be awarded to TAIL ACTIVEWEAR, since it has needlessly incurred attorneys' fees to defend against a Complaint that is bereft of accurate or even existing factual allegations that could possibly confer standing upon FULLER.

### 2. There is no injury suffered by FULLER that is "fairly traceable" to TAIL ACTIVEWEAR.

TAIL ACTIVEWEAR has <u>zero</u> retail locations that the general public may visit and buy athletic or activewear apparel.  (Maurer Affidavit at ¶4 and 8-9).  Thus, even if TAIL ACTIVEWEAR's website does not comply with any mandatory requirements under the ADA, which TAIL ACTIVEWEAR strongly disputes, FULLER cannot ever establish a "nexus between Defendant's **retail stores** and its website", since there are <u>no retail stores</u> owned, operated or maintained by TAIL ACTIVEWEAR. (Maurer Affidavit at ¶¶4-9)

### 3. FULLER has no standing to pursue this ADA Website Accessibility Claim since no injury exists "that is likely to be redressed by a favorable judicial decision."

The only damages awardable to FULLER are injunctive relief.  Thus, she "must show a sufficient likelihood that [she] will be affected by the unlawful

conduct in the future." Haynes, 2017 US Dist. LEXIS 171644 at *4 (quoting Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1283 (11th Cir. 2001)). Since there are no brick-and-mortar retail stores maintained, owned or operated by TAIL ACTIVEWEAR, nor can she allege any are planned, FULLER cannot plausibly claim she seeks to remedy any potential harm caused by www.tailactivewear.com. See Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 194)(plaintiffs must prove "real and immediate" threats and not "merely conjectural or hypothetical" ones).

Accordingly, FULLER lacks any standing to continue forward with her lawsuit.

## **CONCLUSION**

For the foregoing reasons, Defendant, GREAT CIRCLE VENTURES HOLDINGS, LLC d/b/a/ TAIL ACTIVEWEAR, respectfully requests that this Court dismiss this Complaint with prejudice and award fees and costs, pursuant to Rule 11, or any further relief this Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of November, 2017, that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Gina Cadogan*
GINA MARIE CADOGAN, Esq. (Fla. Bar: 177350)
CADOGAN LAW
300 S. Pine Island Road, Ste. 107
Plantation, FL 33324
Tel: 954.606.5891 / Fax: 877.464.7316
Email Address: gina@cadoganlaw.com

## SERVICE LIST
*Emily Fuller v. Great Circle Ventures Holdings, LLC, d/b/a Tail Activewear*
**CASE NO.: 17-CV-62019-RNS**

Roderick V. Hannah, Esq.
8751 West Broward Boulevard, Suite 303
Plantation, FL 33324
rhannah@rhannahlaw.com
*[CM/ECF]*

Pelayo M. Duran, Esq.
Law Office of Pelayo Duran, P.A.
4640 NW 7th Street
Miami, FL 33126-2309
pduran@pelayoduran.com
*[CM/ECF]*